Everything that we have done is tailored to the specific unanimity instruction. That is what defense counsel said when objecting to the court's attempt to change, not attempt, when the court changed the specific unanimity requirement, not before trial, not during the trial, not before closing arguments, but during the trial itself. But during jury deliberations, after the jury had the case, there's no ability, of course, for the defense counsel to refashion their arguments. Well, there would have been ability. Did the counsel ask to give a new closing argument in light of the fact that everybody was under the misimpression of what the definition was? There was some discussion about that, and this is right around page 772 to 780 of the excerpts of record. But that would have been an inadequate remedy. Well, but you didn't ask for it, and so you just made a statement right now that there was nothing that could be done. But that's something that possibly could have been done if you think it was important. It seems like you would have asked for it. It's an inadequate remedy, and let me explain why. Because in the defense counsel function, and in the Sixth Amendment right to notice as to what you have to prepare for trial, everything you do, and defense counsel specifically said this on page 780 of the record. Everything you do, how you tailor your opening statements, how you tailor your cross-examination, how you prepare for trial, what defenses you attempt to run, everything is predicated on what you believe the government's weakness, the weakest point of the case is. And here defense counsel had reasonable, extremely reasonable reliance because this instruction was not just not objected to by the government. The government submitted it. It was their proposed instruction. The defense agreed to it. It was jointly stipulated to. Right. But the government actually submitted the instruction. Well, but does the defense attorney have no obligation to figure out what the law is with respect to this? I mean, on instructions? I would submit that there is no cause. I would say the answer is no. So you don't submit instructions. You just let the government submit instructions? Is that the case in Nevada? Here's my take on that. There is no constitutional right that a defense attorney cannot waive, that a defendant cannot waive. In fact, a defense attorney can waive the right to have the government prove an element of the defense. Okay. It is nonsensical to say the government cannot take on a greater burden than they have to, that the government cannot waive their right to have the instructions tailored to the lowest common denominator of what they have to prove. Well, I mean, you were not a — whoever — I don't know if you were the trial lawyer down below. No, I was not. Well, whoever it was, it wasn't a potted plant. They had, you know, some ability to offer and to object, and it looked like it was jointly stipulated. And it looks like in your brief, you concede that the supplemental instruction accurately reflects the law. Is that correct? I do not. Well, Your Honor, the opening brief was not done by me. I did the reply brief. Oh. And I deconceded it, yes, in the reply brief. I do not concede that because under HOFFIS, which is the lead case on whether there's a unanimity requirement in this specific context, coercion and enticement, conviction and charges, that HOFFIS left open the possibility in a footnote, footnote 4 or 5, that — and the United States case law supports this — that in some circumstances, a unanimity instruction is required. So it's not a per se rule. Well, United States v. McCall says the district court was obligated to clear the way and confusion. Once the jury requested clarification, I don't see how the district court here abused its discretion in instructing what the correct law was, but I'm just trying to figure out what your argument is now at this point in time, because it did look like you agreed from the briefing that the correct instruction was ultimately given. You're saying that that somehow disadvantaged you, and I don't necessarily disagree with you, but you had an opportunity to ask for — or the defense counsel had an opportunity to have given a new opening statement or to offer, you know, any other explanation, and I don't see that it was done down below. And I'm trying to figure out how it was prejudicial if the accurate law was given. We — first of all, this is different than clarifying the law. This is — the case that the government cited, Humphrey's, that's about — it's the only case they cite — that's about taking a — redefining the instruction, what exactly does disposal mean. That's what was at issue in Humphrey's. This was about specifically instructing the jury in response to their note, oh, don't worry about the substantial step requirement. Oh, whatever you decide on that is just fine. And it becomes even more — But that's not what the instruction said. Well, it says that you don't have to worry about it. You're exaggerating. I mean, the government was required to establish that your client took a substantial step toward completing the crime. That's the hoffice that you're talking about. And I don't read the instruction the same way you do in terms of just clarifying. I mean, I think it did an appropriate job of saying this is what you have to decide. I mean, it looks like the jury was curious, and that's why they asked that question. Because it was the weakness in the government's case. But the instruction — there's case law that says you cannot — it's improper for a district court to focus on a specific instruction, especially an instruction that may be detrimental to the defense, to the exclusion of the others. Here we had the judge sending back a note, a specific supplemental instruction, in isolation from the others, saying don't worry about this issue of whether you can agree on a substantial step. Whatever you agree is fine. What would you have had the district court do? Do exactly what defense counsel suggested, declare a mistrial. And this is a question of fundamental fairness. It really is. I mean, the government — I mean, they are not coming to this issue with clean hands. I mean, they invited this error. They contributed to the error. And they really shouldn't be heard to complain about the fact that the proper remedy here was to do the case over. And you're right. The court is focused in on the strongest — Is that what you asked for, counsel, in your opening brief? Yes. Specifically, yes. And that is what defense counsel specifically asked for when she — At the trial? Yes. And that will be asked for in the opening brief. And that is the remedy. If there's any confusion, that is the proper remedy. And that — I will note the government does cite an unpublished decision, Isaacs, which, despite Ninth Circuit rules that say you're not supposed to publish those. But in Isaacs, the court specifically said, well, this is a problem. And there it was about whether an instruction should have been conjunctive or disjunctive. The court said, well, the problem here is defense counsel didn't ask for a remedy. They didn't say, oh, the court — they said what the defense counsel asked for in that case is go ahead and instruct the jury erroneously. And I agree that that is a problem. I mean, I can see — I definitely see how the district court would want to clarify this confusion. But the problem is by clarifying the confusion in the way that the court did, it incurred prejudice on my client. All the trial preparation, the opening statement defense attorney did, the cross-examination, the 29A motion, the closing, everything was about substantial steps. The jury still — if you could let me ask the question. The jury still needed to conclude, in fact, that there was a substantial step taken. Do you agree with that? Oh, yes. Okay. The tension in these cases always are in the defense is was it just mere preparation or was there a substantial step? It looks like that was the same tension here in this case, and that was the nature of the defense. But I'm not quite sure how you would have been prejudiced with the — by the fact that the jury was correctly instructed on what substantial step was. I can answer it in a number of ways. First of all, we don't know exactly what the internal deliberations of the defense counsel was, other than they said we completely relied on this instruction. But there are instances like where Yorick in the second trial, the detective, the government sole witness, he testified a few times in the second trial, at least three times, oh, I think this was a substantial step, which, you know, is improper. But defense counsel didn't object to it. And why? A plausible explanation is because by letting the government focus in on a few substantial steps, they can argue against that in summation, and all they have to do is get one juror to agree, oh, that isn't a substantial step. The whole focus of the defense. And another thing I would say, Your Honor, is that now we get into the synergy between the issues. And the second issue is that the government argued, committed misconduct, by arguing that things that could not constitute a substantial step were a substantial step. I want to go back, though. I'm referring specifically to the excerpt of Record 780. This is the colloquy between the court and counsel about what to do in response to the jury instruction. And the court basically did ask, you know, explain to me how this was prejudicial. And just to make sure I'm correct here, Ms. Park, for the defense, basically answered the court's question by saying, I think, and this is lines 7 through 14, I think that in preparing for our trial, we're looking at the jury instructions and the elements of the crime, and in preparation of comprising a defense that maybe our approach would have been different or things that we would have said or questions we would have asked the witnesses or maybe our opening statement, things may have, our course throughout the trial may have changed based on the different jury instruction. Is that the only place in the record where I can find an answer to the question of how the defense would have been different? On 772, she says specifically that everything we did was tailored to that instruction. Okay. But I guess what I'm looking for are concrete examples of a witness I would have called, a question I would have asked, because if that's the strongest thing she has to say, it's hard for me to see that the district court erred in denying the motion for a new trial, because, I mean, that's just, that's not evidence of reliance. That's how we prepare for trial, though, as a defense attorney. I mean, everything you would do would be based on what you think is the government's decision. What would you have done different? Oh, well, you could have run a different defense. Like, they had an entrapment instruction that they did not try to argue alternative defense. But your counsel down below doesn't argue that, and you don't really argue that in your briefs. I do. Oh, tell me where. In the reply brief, I talk about all the various different defenses that could have been run if the defendant had adequate notice of what the substantial step instruction would have been. And we're talking about a defendant with no criminal record. But wasn't the defense that if you look at all the evidence of what Mr. Abel did in allegedly enticing a minor to commit a sexual act, there was no substantial step here, none. And so how does the defense change whether the instruction is the jury must unanimously agree on which step was substantial versus the jury must unanimously agree that he took a substantial step? If you look at the defense counsel summation, what they do is they pick apart the various things that the government argues are a substantial step and say, well, that isn't a substantial step. Maybe if you'd gone out and specifically bought a gift, that would be. They specifically focus on discrete things. But how is that different from trying to convince the jury that he never took any substantial steps, that there's no evidence that he did anything other than spend a lot of time fantasizing on the Internet? The law is not it can't be any. It has to be a substantial step of such a degree that approves the crime would have occurred but for an independent intervening circumstance. So it can't just be any. It has to be a substantial. Right. And the government argued that. And the jury has to unanimously agree on that, correct? That there was any substantial step. Any. And here's the problem. Any. So I'm still. Well, but it wasn't any. I'm still searching for an answer to the question we've been pressing you on, which is how the defense would have been different. It wasn't any. That's the problem. When they went into trial, it was they had to agree on a specific substantial step. Now, the government argues in their summation with the totality. I mean, how does that work with the unanimity instruction? The jury unanimously agreed that everything was a substantial step. And that's a problem. Wasn't the defense theory that given everything he did, none of it was a substantial step? It didn't cross the line. Right. But they didn't. See, this answers the question. They didn't focus on the line argument. They didn't focus on, well, you can add all this up, but it still doesn't get over the line. Instead, they focused on discrete things. And why did they focus on discrete things? Because they wanted to get at least one or two jurors to say, well, that discrete thing isn't enough, because they believe they had to agree unanimously. And here's one thing I'd like to say before I try to reserve a minute of my time for a rebuttal. This ties into the government argued things in their summation like, oh, posting Craig's list alone, that's a substantial step. Well, legally, that can't be. I mean, we went to this. Well, I mean, you're not challenging the sufficiency of the evidence, though, are you? Yes, but it goes to the prejudice that the court was asking about, because now we don't know if the jury agreed. One of the jurors said, oh, Craig's list, yeah, that's a substantial step. That's legally insufficient. Now we don't know. What do you do with the staging of the gifts in his home, like crumbs leading to the bedroom? That was a ridiculous theory. The staging theory, I mean, there's no evidence. There was evidence to support it. I would disagree with that. There's a gift in the kitchen, and then there's a gift on the table in the hallway, and then there's a gift on the bed, and then you open the closet, and whoa. There was no gift on the bed. It was all in a box in the closet on the upper shelf. You want to save some time? Yes, I would. Okay. Let's hear from the government. May it please the Court, Peter Levitt for the United States. Your Honors are quite right. There was no reliance in this case on the specific unanimity erroneously charged jury instruction, despite the fact that the government admittedly stipulated, along with the defendant, to give that erroneous instruction. The lack of any reliance comes not just from the section Judge Tallman quoted, but also when, after defense counsel protested, everything's been tailored. Chief Judge Navarro asked, on excerpts of Record 7072, were there specific questions posed, either on direct or cross-examination, of either of the two witnesses or statements made during closing argument related to the unanimity requirement? I can't think of any off the top of my head, but there may have been. There was some dancing around, and then on page 773, Judge Navarro asked, I guess my question is, was there any argument by defense counsel to the jury reminding them or explaining to them that you must all agree on what the substantial step is? Did that come up? Defense counsel replies, candidly, I don't believe it did, Your Honor. Ms. Cushman, the prosecutor, is right. I did hit a wide range of potential substantial steps that the jury could find, but that was more geared towards reasonable doubt. I don't think I necessarily went into specifics about the unanimous substantial step, substantial doubt, sick, that the jury had to come to. And that's where this comes down. There was no reliance. The defendant's argument, the gist of the defendant's defense was, and always has been, I didn't take a substantial step. Why? This was just a game. This defendant misapprehended the reach of this particular statute. He thought that so long as he just sat there in front of his computer, he would be okay. He was wrong. The defendant did precisely what Judge Reimer in Getsky wrote, the three steps. Do you initiate conversation with a minor?  Did he describe the sexual acts he wanted to perform with the minor? That was graphically displayed, and I have some representative examples at answering brief pages six and seven. Pardon me. I'll tell you what concerns me. I don't know how, I guess just mistakes happen, but the government gave this instruction or submitted this to be the instruction to follow. It's interesting. Then you have testimony by the detective, the only witness, who is testifying to what substantial steps were that he shouldn't have ever been allowed to do. Do you agree with that? I do not necessarily agree. You think that a detective can state a legal conclusion of what a substantial step should be? I agree that that is improper, Your Honor. All right. So you have that happening more than once during his testimony, at least three times, and then you have all this argument on substantial steps during the closing, and some of them with some inappropriate, at the very least, analogies with respect to McDonald's. So I'm just trying to figure out, how doesn't all of that come up to be a problem at this point? I agree that Your Honor's concerns are problematic. I would respectfully suggest that these do not, particularly Detective Urick's testimony does not come close to rising to the level of plain error. With regard to the prosecutor's closing argument, again. Why doesn't it rise to plain error? When he's testifying, he says, well, when the defendant did X, which I submit, or he goes, which in my mind is a substantial step, okay? And then also, when the defendant did Y, which in my mind is a substantial step, why isn't that? When that goes clearly to a legal conclusion. And a legal conclusion in which there's all this confusion about, with respect to the instruction. The answer, Your Honor, is that the district court plainly charged the jury that they were the ones who were the arbiters of that particular critical fact. And there's no evidence. So you agree that's a critical fact, and that with all the confusion with respect to the jury instruction, how is that not a problem? Again, Your Honor, I agree that. How did the AUSA let that testimony come out more than once? The detective testifying to, that that's a substantial step. I don't know the answer to Your Honor's precise question. I do know, as defense counsel admits, that it was not contested at the time, and we applied plain error review precisely because had it been contested, then Chief Judge Navarro would have had a chance to say, you're talking about an ultimate issue, perhaps that's not appropriate, or the government could have come up with an argument that right now eludes me. But nobody mentioned it. I don't know the answer to Your Honor's precise question about how a witness could have said. But it seems like that's the main theory of the defense, is whether or not this was, I mean, he took a substantial step, and it seems like the government was like, well, mere preparation versus substantial step. You're arguing substantial steps were taken all over the place in eliciting this testimony and also in your closing argument and giving these analogies. I just find that perplexing and disturbing. I would argue in response, Your Honor, that as the prosecutor correctly summarized on excerpts of record, page 656, you can look at the totality of what he did and say all of this together, everything, is a substantial step. It doesn't have to be just one thing. And there is a 66 pages of transcript that comprises the closing. And over the course of the 66 pages, the prosecutor, albeit with some unfortunate references to cheeseburgers, makes plain that the crux is you look at all of this, and when you put all of this together, it crosses the line separating mere preparation and attempting to persuade, entice, induce, or coerce a minor into assenting. That's the gravamen of the offense. Yeah, I know. And it's like mere preparation versus whether or not all these steps were It gets very, very close in terms of what attempt to initiate what a minor is, especially when you're looking at it in terms of whether it was mere preparation or taking substantial steps. And then this record is kind of a mess. And so, I mean, I'm just a little disturbed that someone, and this is a mandatory 10-year minimum. Yes, Your Honor. I believe, I would respectfully disagree with Your Honor's characterization of mess and say that while defendant has not made a sufficiency of the evidence argument, if we look at it . . . Well, let's just say messy. I'll accept that. It's messy, though, isn't it? Less than perfect. Okay. Turning to Your Honor's second point about the, well, the totality of the evidence to find the substantial step, that's made plain by the 11th Circuit in Lee and the 10th Circuit in Irving. We have already covered Detective Urick's testimony, and I would ask whether Your Honors have any further questions for me. Anything further? I don't think so. Thank you very much. Thank you, Your Honor. All right, Mr. Levitt. Mr. Carr, you've got, I'll give you a minute on rebuttal. On 772, when the defense counsel says, we tailored everything, I mean, the defense counsel is the argument that they were lying because we're talking about a lot more than what just was said at trial. Yeah, but it's one thing to give the conclusion, but I think what the court was asking is essentially the same question we're asking, and that is, how would the defense have tried the case differently in knowing the correct statement of the law on substantial steps? Well, we're getting a lot into the internal process of the attorney, the work product, all their trial preparation, and there's a lot of facets that are involved in that question. And she said that everything I did was tailored to this instruction in preparing for trial. But I hear what she says, and then I look at what she did, and I try to put myself in the place of the defense lawyer, and I still don't think Judge Navarro got a satisfactory answer to her question. And I think in order to convince us that there was prejudice here sufficient to reverse, you've got to come up with something more than I would have tried the case differently. Maybe the answer is for an evidentiary hearing to put her on the stand, talking about what did she do in trial preparation. Didn't have an answer for it at the time. I realize it's tough when you're caught on the fly. But I would like to just point out one thing about York's testimony. On 362, 368, 370, that's where York testifies as a substantial step. But also note that that also ties into the issue of Vera, the cases Vera and Tolobar Medea, which are both plain error cases, when a law enforcement agent testifies in dual role capacity. And here it was more than just saying substantial step. He was also offering expert opinions to the point where the jury actually asked whether he had a degree in psych because he was offering opinions on our client's mental state and such. And the case on that issue is good, and I'll close on that. If there's any other questions. All right. Thank you. Thank you very much, Mr. Farber. Thank you. The case just argued is submitted, and we are adjourned. Thank you very much. Thank you. Thank you.
judges: Tallman, Smith, Murguia